1
2
3
4
5
6                 **UNITED STATES DISTRICT COURT**
7                         **DISTRICT OF NEVADA**
8
9 THOMAS BOLICH,
     *Petitioner*,                                2:14-cv-00585-JCM-VCF
10
vs.
11
                                        ORDER
12 NEVENS, *et al.*,
13      *Respondents*.
14

15        Petitioner has submitted an application (#1) to proceed *in forma pauperis* and a habeas
16 petition.
17        The matter has not been properly commenced because petitioner did not submit the
18 required financial paperwork with the pauper application. Under 28 U.S.C. § 1915(a)(2) and
19 Local Rule LSR 1-2, petitioner must attach both a properly executed financial certificate and
20 an inmate account statement for the past six months. Petitioner attached neither.
21        The pauper application will be denied without prejudice; and the present improperly-
22 commenced action will be dismissed without prejudice to the filing of a new petition in a new
23 action with a pauper application with all required attachments. It does not appear from the
24 papers presented that a dismissal without prejudice would materially impact the resolution of
25 any substantial issue in a promptly-filed new petition.[1] In this regard, petitioner at all times
26 ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
27      [1]The papers on file and the online docket records of the state courts reflect the following. Petitioner
Thomas Bolich seeks to challenge his Nevada state conviction, pursuant to a guilty plea, of driving under the
28 influence (DUI). The judgment of conviction was filed on March 7, 2008. Petitioner did not pursue a direct
                                                                                        (continued...)

1  remains responsible for calculating the running of the federal limitation period as applied to
2  his case, properly commencing a timely-filed federal habeas action, and properly exhausting
3  his claims in the state courts.  No action taken herein extends the federal limitation period.
4        IT THEREFORE IS ORDERED that the application (#1) to proceed *in forma pauperis*
5  is DENIED and that this action shall be DISMISSED without prejudice to the filing of a new
6  petition in a new action with a properly completed pauper application with all required – and
7  new – financial attachments.
8        IT FURTHER IS ORDERED that all pending motions are DENIED without prejudice.
9  The court does not find that appointment of counsel is in the interests of justice in the interim
10 prior to petitioner's proper person filing of a properly-commenced action, without prejudice to
11 petitioner's ability to file a motion for appointment of counsel in a new action.  Petitioners at
12 High Desert State Prison regularly are able to properly commence actions with a properly-
13 completed pauper application without appointment first of counsel.
14       IT FURTHER IS ORDERED that a certificate of appealability is DENIED.  Jurists of
15 reason would not find the dismissal of the improperly-commenced action without prejudice
16 to be debatable or wrong as no prejudice will result.  See text at note 1 and note 1, *supra*.
17 / / / /

---

[1](...continued)
appeal, and the time for doing so expired on Monday, April 7, 2008.  Petitioner was sentenced to 12 to 36 months, and he lists the sentence expiration date as May 16, 2009.

Nearly five years after the judgment of conviction, on January 29, 2013, petitioner filed a state post-conviction petition.  On January 15, 2014, the state supreme court, in No. 63618, affirmed the denial of relief (a) on the ground that petitioner no longer was in custody because petitioner's sentence had been completed; and (b) in the alternative on the ground that the state petition was time-barred under state law.

At this point, it appears potentially that: (a) there is no federal habeas jurisdiction over a petition because petitioner no longer is in custody under the conviction; (b) a federal petition is untimely under the one-year federal limitation period; and (c) all exhausted claims are procedurally defaulted because the state petition was untimely.  To the extent, if any, that petitioner *arguendo* might be able to overcome these issues, the resolution of such issues would not hinge upon the date on which this improperly-commenced action was constructively filed.

Nothing herein directs petitioner to file any particular proceeding.  This improperly-commenced action simply is being dismissed without prejudice.

1  The clerk of court shall SEND petitioner two copies each of an application form to proceed *in forma pauperis* for incarcerated persons and a noncapital § 2254 habeas petition form, one copy of the instructions for each form, and a copy of the papers that he submitted.

The clerk shall enter final judgment accordingly, dismissing this action without prejudice.

DATED: April 21, 2014.

_____
JAMES C. MAHAN
United States District Judge